# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PENDLETON DIVISION

ERNEST H. BAKER, III,

      Petitioner,

v.

STATE OF OREGON,

      Respondent.

No. 2:26-cv-01048-CL

**ORDER**

AIKEN, District Judge:

This case comes before the Court on a Findings and Recommendation ("F&R") filed by Magistrate Judge Mark D. Clarke, ECF No. 7. Judge Clarke recommends that the Petition for Habeas Corpus, ECF No. 1, filed by self-represented Petitioner, currently in custody at Eastern Oregon Correctional Institution, be DISMISSED.

## LEGAL STANDARD

Under the Federal Magistrates Act, a court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Page 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Id.* at 154. The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

## DISCUSSION

Judge Clarke recommended that Petitioner's habeas petition be dismissed because it is a successive petition that seeks to raise a new claim, but Petitioner has not obtained Ninth Circuit authorization for the district court to consider the petition, as 28 U.S.C. § 2244(b)(3)(A) requires. In response to the F&R, Petitioner filed Objections. ECF No. 11.

An individual in state custody generally may file only one habeas petition under Section 2254. Any "claim presented in a second or successive habeas corpus [petition] under [S]ection 2254 that was presented in a prior [petition] shall be dismissed." 28 U.S.C. § 2244(b)(l). However, where a successive petition *raises a new claim that was not included in the original petition*, the petitioner must show one of the following:

Page 2 – ORDER

(A) . . . the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  And the petitioner must also "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A). In the absence of such an order, a district court is without jurisdiction to review a successive petition on the merits.  F&R at 3 (citing *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001)).

Petitioner contends that the Court should consider his petition because it is based on new case law, is timely, and has "[n]ever been litigated before this court[.]" Obj. at 2.  Petitioner contends that his petition meets all the requirements of 28 U.S.C. § 2244(b)(2)(A) and *Banister v. Davis*, 590 U.S. 504 (2020) (holding that motions to alter or amend a judgment are not subject to court of appeals gatekeeping). *Id.*

Petitioner does not dispute that he has filed other habeas petitions that challenge his current conviction and detention.  *Id.* at 3.  Petitioner filed at least two prior habeas petitions to challenge his 2005 Jackson County aggravated murder conviction, *Baker v. Mills,* Case No. 6:08-cv-00999-HO and *Baker v. Coursey,* Case No. 2:13-cv-01612-SI, which were resolved on the merits.  And Petitioner does not dispute that successive petitions must meet the requirements of 28 U.S.C. § 2244.  *Id.*

Page 3 – ORDER

Petitioner contends that his petition is not a "successive" petition because it relies on a new law, ORS. 138.690, and raises a claim that was not previously litigated. *Id.* at 3–4. Petitioner also relies on *Banister v. Davis,* 590 U.S. 504, 507 (2020) for the proposition that his petition is not a "successive" petition. But *Banister* held only that a motion to reconsider a prior habeas judgment, under Federal Rule of Civil Procedure 59(e), is not a "successive" petition. *Id.*; Fed. R. Civ. P. 59(e). *Banister* does not apply here. Petitioner has not filed a motion to reconsider a prior habeas judgment. Indeed, it is too late to file a motion to reconsider the prior habeas judgments because those judgments were entered more than 28 days before this petition was filed. *See* Fed. R. Civ. P. 59(e) (requiring such motions to be filed within 28 days of the entry of judgment). Those judgments were entered years ago.

Instead, Petitioner has filed a new habeas petition. And that petition is a "successive" petition because Petitioner filed prior habeas petitions to challenge his current conviction and detention. 28 U.S.C. § 2244 is clear. Where a successive petition raises *the same claim*, the district court shall dismiss the petition. 28 U.S.C. § 2244(b)(1). And where a successive petition raises *a different or new claim*, as here, the district court shall dismiss the petition *unless* the petitioner satisfies the requirements of § 2244(2)(A) or (B), as set out above, *and* the requirement of § 2244(3)(A), which requires the petitioner to file a motion in the court of appeals to obtain permission for the district court to consider the petition.

So, even assuming that the petition, which is a successive petition, raises a different or new claim and even assuming that Petitioner meets the § 2244(2)(A) or

Page 4 – ORDER

(B) requirements, Petitioner has not met the § 2244(3)(A) requirement.  As Judge

Clarke explained, for this reason, the Court lacks jurisdiction to consider the petition.

## CONCLUSION

The F&R, ECF No.7, is therefore ADOPTED in full.  The Petition, ECF No. 1,

is DISMISSED.  Judgment shall be entered accordingly.

It is so ORDERED and DATED this ___13th___ day of August 2026.


 /s/Ann Aiken                                        
ANN AIKEN
United States District Judge

Page 5 – ORDER